## Abstract of the Decision.

ASSIGNMENTS, § 33*—*when pleadings comply with statute relative to necessary allegations by assignee suing.* A statement of claim in an action of the fourth class in the Municipal Court of Chicago, based upon an assigned chose in action, stating that the debt upon which the chose in action is based "is due the plaintiff," with affidavit also so·stating, complies sufficiently with section 18, ch. 110, Rev. St. (J. & A. ¶ 8555), providing that such assignee may sue in his own name and shall allege in his pleading or affidavit, where pleading is not required, that he is the actual bona fide owner of the chose in action, and set forth how and when he acquired title.

----

## Helen Warren, by John Warren, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 23,304.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed with finding of facts. Opinion filed March 13, 1918.

## Statement of the Case.

Action by Helen Warren, a minor, by John Warren, her next friend, plaintiff, against Chicago City Railway Company, defendant, to recover damages for personal injuries. From a judgment for plaintiff for $500, defendant appeals.

WILLIAM H. SYMMES and FRANK L. KRIETE, for appellant; J. R. GUILLIAMS and WARNER H. ROBINSON, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CHARLES J. O'CONNOR and MORTON J. STEVENSON, for appellee; MORTON J. STEVENSON and EDWARD C. KESLER, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

## Abstract of the Decision.

STREET RAILROADS, § 69*—*when motorman not negligent in failing to slow up car or ring bell.* A street car motorman was not guilty of negligence in not slowing up his car or ringing his bell when he first saw a child, 10 years old, after he had passed a certain street crossing and while running at the rate of 10 miles an hour, where there was nothing to obstruct the child's view of the car, there were no people on the street or vehicles obstructing the car's progress, and the motorman had no reason to believe the child would suddenly proceed across the street in front of him, as he had the right to assume she would stop before crossing the track.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.